UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DOE a/k/a P.A.D.,

    Plaintiff,

v.                                  CASE NO.: 8:17-CV000700-SCB-AEP

CIGNA CORPORATION and PAMELA
JASPER a/k/a PAMELA JACQUES, an
individual,

    Defendants.
_____/

## MOTION TO DISMISS COMPLAINT

COME NOW Defendants CIGNA CORPORATION (hereinafter, "Cigna Corporation") and PAMELA JASPER a/k/a PAMELA JACQUES (hereinafter, "Ms. Jasper"), by and through undersigned counsel, and by and through undersigned counsel file this their Motion to Dismiss the Complaint for Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction, and Failure to State a Claim on which Relief Can be Granted, and in further support thereof would state as follows:

### INTRODUCTION

1.    The Complaint in this case alleges that Cigna Corporation and Ms. Jasper unlawfully disclosed protected health information and violated Plaintiff's privacy while reviewing Plaintiff's eligibility for long-term disability benefits under a under a Long Term Disability Income Policy ("LTD Policy") issued to Plaintiff's employer, Pricewaterhouse Coopers, LLC, and covering Plaintiff incident to his employment.

2.    The LTD Policy at issue funds benefits under a fully-insured "Employee Welfare Plan" as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of

1974, as amended, at 29 U.S.C. Section 1002. See Affidavit of Richard Lodi, attached as *Exhibit A* to the Notice of Removal in this case (Doc. No. 1-1).

3. Though the Complaint alleges Cigna Corporation's active involvement in the review of Plaintiff's eligibility for benefits, Cigna Corporation is not a party to any contract or agreement with the Plaintiff, is not a party to any contract or policy at issue in this litigation, and - most importantly - does not administer, process, or play any role in the approval, denial, or appeal of claims for benefits under *any* insurance policy, let alone the LTD Policy at issue here. See Affidavit of Franklin C. Barlow, which Defendant anticipates filing as a supplement to this Motion within the next seven days.

4. In actuality, Cigna Corporation is a holding company incorporated in the state of Delaware and is not an insurance company. Instead, it is exclusively Cigna Corporation's operating subsidiaries (such as Connecticut General Life Insurance Company ("CGLIC")) which conduct various businesses and provide products and services, not Cigna Corporation. In fact, the LTD Policy at issue is a CGLIC policy, not a Cigna Corporation policy. See Aff. R. Lodi (Doc. No. 1-1). It is CGLIC, not Cigna Corporation, who funds and administers claims for benefits.

5. Moreover, Cigna Corporation does not lease or own real property in Florida, maintain licensure or registration to do business in Florida, maintain an office, a place of business, or a bank account in Florida, or have agents or employees in Florida.

6. Similarly, Ms. Jasper, a Texas resident who has virtually no contact with the State of Florida, has been brought into this suit. Ms. Jasper took no actions with respect to plaintiff other than in her capacity as a Disability Claim Manager for CGLIC addressing plaintiff's claim for disability benefits under ERISA.

22070376v1 0992238

7. In fact, the Complaint does make any jurisdictional allegations concerning either Defendant, stating only that the amount in controversy exceeds $15,000.00 (Doc. No. 2 at p. 1, ¶1).

8. As neither Cigna Corporation nor Ms. Jasper is neither an ERISA plan administrator nor a fiduciary of the LTD Policy, neither is a proper party to this action.

9. Additionally, since neither Cigna Corporation nor Ms. Jasper maintains even the barest of contacts with Florida necessary to support personal jurisdiction, and the Complaint is due to be dismissed for lack of personal jurisdiction.

10. The Complaint purports to set forth claims for Invasion of Privacy – Public Disclosure of Private Facts, Negligence Per Se, General Negligence, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress. Each of these alleged torts under Florida state law are predicated on the idea that Cigna Corporation and Ms. Jasper, in connection with their administration of Plaintiff's long term disability claim, supplied medical records concerning Plaintiff to a private investigation firm known as PhotoFax Inc. on November 1, 2011 and March 1, 2013, and to independent medical examiner Dr. Bhupendra K. Gupta on August 1, 2013.  The Complaint contends that Defendants' allegedly unauthorized provision of these records constitutes invasion of privacy - public disclosure of private facts- (Counts I and II), negligence per se (Counts III and IV), simple negligence (Counts V and VI), intentional infliction of emotional distress (Counts VII and VIII), and negligent infliction of emotional distress (Counts IX and X).

11. These alleged state law tort claims are preempted under the broad preemption principles applicable to actions concerning ERISA employee benefit plans, and the Complaint is due to be dismissed for failure to state a claim on which relief can be granted.

22070376v1 0992238

**MEMORANDUM OF LAW**

As a starting point, ERISA controls this proceeding. Within this framework, the Complaint fails for a variety of reasons. First, Cigna Corporation and Ms. Jasper are not plan administrators or fiduciaries of the LTD Policy. Plan administrators and those deemed fiduciaries with regard to a plan under ERISA are the only proper parties to a suit arising from benefit administration. Second, the Complaint also fails for lack of personal jurisdiction (indeed, none is alleged); Cigna Corporation lacks even the barest of contacts with the State of Florida, and it would offend all notions of fair play and substantial justice to require Cigna Corporation to be haled into court in Florida. Jasper, likewise, is a resident of Texas and her only conduct with Florida is solely within the context of her employment as a Disability Claims Manager. Third, even if jurisdiction were proper over Cigna Corporation or a claim could be pursued against non-plan administrators Cigna Corporation and Jasper, the state law claims alleged here would be subject to ERISA's broad preemptive scope, and would be subject to dismissal on that basis.

**I.  Neither Cigna Corporation nor Ms. Jasper Are Proper Parties in an Action Arising From ERISA Plan Administration.**

Since the claims in this case arise from administration of the LTD Policy, which is administered by CGLIC, CGLIC is the only possible proper defendant in this action. *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997). By contrast, Cigna Corporation is not the plan administrator, and does not administer, process, or play any role in the approval, denial, or appeal of claims for benefits under any insurance policy, including any employee benefit plan offered by PWC. *See Ex. 1*. Dismissal of Cigna Corporation is therefore proper for this reason alone. *Ferree v. Life Ins. Co. of N. Am.*, No. 1:05CV2266 WSD, 2006 WL 2025012, at *10–11 (N.D. Ga. July 17, 2006) (dismissing claim against Cigna Corporation where

Complaint failed to state that Cigna Corporation *controlled* the administration of an ERISA welfare benefit plan).

Such reasoning applies with equal force to Ms. Jasper. Ms. Jasper, an individual claim examiner, is no more the plan administrator of the LTD Policy at issue than is Cigna Corporation. The only situation in which the ERISA statutory framework contemplates the personal liability of an individual to beneficiaries is that of breach of fiduciary duty, and claim examiners such as Ms. Jasper are decidedly not fiduciaries as that term is defined under ERISA. As the Code of Federal Regulations pertaining to ERISA plans makes clear, persons like Ms. Jasper who "apply rules determining eligibility for benefits, … calculate benefits, … and *process claims*" (*emphasis added*) are performing "purely ministerial functions … for an employee benefit plan within a framework of policies, interpretations, rules, practices and procedures made by other persons". See 29 C.F.R. § 2509.75-8 Ms. Jasper is *not* a fiduciary precisely because "such person does not have discretionary authority or discretionary control respecting management of the plan, does not exercise any authority or control respecting management or disposition of the assets of the plan, and does not render investment advice with respect to any money or other property of the plan and has no authority or responsibility to do so." *Id*. At no point does the Complaint allege Ms. Jasper has that authority or control, and the Complaint against her should be dismissed.[1]

---

[1] It's also worth noting that even if Ms. Jasper could somehow be construed as a plan fiduciary such that she might be liable personally, she could only be liable for damages to the *plan itself,* not to an individual beneficiary such as Plaintiff. 29 U.S.C. § 1109 provides, in pertinent part:

    **(a)** Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter *shall be personally liable to make good to such plan any losses to the plan resulting from each such breach*, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

In such a case, Plaintiff would lack standing to pursue money damages against Jasper.

5

## II. The Court Lacks Personal Jurisdiction Over Cigna Corporation and Ms. Jasper.

Plaintiff's Complaint fails to allege any jurisdictional facts concerning either Cigna Corporation or Ms. Jasper sufficient to subject either Defendant to the personal jurisdiction of the Court (Dkt. No. 2, p. 1 at ¶ 1). Nor could Plaintiff so allege.

Cigna Corporation is not subject to personal jurisdiction in this Court and cannot be liable for any of the allegations set forth in the Complaint. Because Cigna Corporation does not do business in the State of Florida (indeed, the Complaint does not allege that Cigna Corporation does so) and was not involved in adjudicating Plaintiff's claim, it is not subject to general or specific personal jurisdiction in Florida. See also *Spivey v. Cigna Corp.*, 2:13-cv-461, Doc. 30 at p. 8 (M.D. Ala. Sept. 12 2013); *Melech v. Life Ins. Co. of N. Am.*, No. CIV.A. 10-0573-KD-M, 2011 WL 1047716, at *6 (S.D. Ala. Mar. 1, 2011), *report and recommendation adopted*, No. CIV.A. 10-00573-KD-M, 2011 WL 995821 (S.D. Ala. Mar. 18, 2011); *Bukuvalas v. Cigna Corp.,* 2010 WL 5055811 at *3 (D. N.J. Dec. 3 2010) ("CIGNA does not have sufficient contacts with the forum to justify either specific or general jurisdiction and the claims against it must be dismissed").

The fact that CGLIC is an indirect subsidiary of parent company Cigna Corporation (a holding corporation) is irrelevant to a jurisdictional analysis concerning Cigna Corporation. Jurisdiction over a foreign parent cannot be acquired merely on the basis of local activities of the subsidiary, especially when the subsidiary has maintained an independent identity from the parent. See, e.g., *Portera v. Winn Dixie of Montgomery, Inc*., 996 F. Supp. 1418, 1422 (M.D. Ala. 1998) (citing Wright & Miller, Fed.Prac. & Proc., Civil, 2d § 1069).

Other federal courts looking at this same issue have granted motions to dismiss the nonresident parent Cigna Corporation based on lack of personal jurisdiction. See, e.g., *Melech*,

2011 WL 1047716 AT *5-6 (finding there was no proof that Cigna Corporation exercised an unusually high degree of control over its subsidiaries, the Court concluded that the relationship did not give rise to personal jurisdiction over Cigna Corporation in Alabama); *Kidd v. Cigna Corp.*, 2010 WL 4697986 (M.D. Tenn. Nov. 12, 2010) (noting, in dismissing Cigna Corporation, that the activities of a subsidiary are a tenuous basis on which to attempt to establish jurisdiction over a parent corporation); *National Production Workers Union Trust v. Cigna Corp.*, 2007 WL 1468555, at * 6-8, 10-11 (N.D. Ill. May 16, 2007) (reviewing evidence generated through jurisdictional discovery and verifying that "none of these pieces of evidence support a claim that Cigna Corporation exercises an unusual degree of control over [a subsidiary's] day-to-day operations"); *Kling v. ADC Group Long-Term Disability Plan*, 2004 WL 2370682 (D. Minn. Oct. 14, 2004) (noting that Cigna Corporation and its subsidiary are "independent corporate entities" and finding no personal jurisdiction over Cigna Corporation based on the parent-subsidiary relationship).

On this basis, Plaintiff's Complaint does not and cannot establish jurisdiction over Cigna Corporation, and the Complaint against Cigna Corporation is due to be dismissed. The Plaintiff here has not met his burden to establish a prima facie case of personal jurisdiction over a nonresident defendant. *See Electronics for Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1349 (Fed.Cir.2003); *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264, 1269 (11th Cir.2002). Jurisdictional inquiries must accept as true only *uncontroverted* allegations. In the event of a dispute, however,

> mere conclusory statements cannot be relied upon to establish the prima facie case on the issue of personal jurisdiction. Mere averments of jurisdiction are not enough nor may conclusory, unsupported statements contained in accompanying affidavits be relied upon to demonstrate jurisdiction. Furthermore, **affidavits based on personal knowledge are to be credited over contradictory allegations based merely on information and belief,** and facts adduced in

opposition to jurisdictional allegations are considered more reliable than mere contentions offered in support of jurisdiction.

*Melech,* 2011 WL 1047716, at *3 (*emphasis in original*).

Such is exactly the case here. The affidavit of Franklin C. Barlow, to be filed as a supplement to this Motion, is based on his personal knowledge, establishes that Cigna Corporation is a Delaware holding company, not an insurance company and does not provide insurance products or services in Florida or elsewhere. Cigna Corporation does not lease or own real property in Florida, maintain licensure or registration to do business in Florida, maintain an office, a place of business, or a bank account in Florida, or have agents or employees in Florida. Id. The Court may credit this evidence over conclusory allegations that Cigna Corporation does business in Florida, and dismiss the Complaint as to Cigna Corporation for lack of personal jurisdiction.

Ms. Jasper's connection is even more attenuated. Not only is she not an employee of Cigna Corporation as alleged, she resides in Texas and conducts no business in the forum state aside from her function as Disability Claim Manager. The Complaint fails to makes any jurisdictional allegations as to Ms. Jasper, and it certainly contains no facts to support that Ms. Jasper is "engaged in substantial and not isolated activity" within Florida or that she has even minimum contacts with Florida. Additionally, in *Doe v. Thompson*, 620 So. 2d 1004, 1006 (Fla. 1993), the Florida Supreme Court held that the corporate shield doctrine protects corporate agents from being subjected to Florida jurisdiction for acts performed while conducting business in Florida on behalf of the corporation. "In order for a non-resident corporate officer to be subject to personal jurisdiction in Florida, it must be established that the officer acted not only in his capacity as agent for the corporation, *but that he acted individually, for his own benefit*, and thereby caused harm in the forum state." *Lane v. Capital Acquisitions Management Co.*, No. 04-

8

60602-Civ, 2006 WL 4590705 at *4 (S.D. Fla. April 14, 2006). There is no such allegation here; in fact, every indication is to the contrary. Plaintiff himself has affirmatively alleged that all allegedly tortious actions taken by Ms. Jasper were "*in the course and scope of her employment*". Thus, the corporate shield doctrine precludes personal jurisdiction over Ms. Jasper in this case.

**III.     Plaintiff's Claims as to Both Defendants Are Preempted by ERISA and Should be Dismissed.**

ERISA preempts any state law that relates to an employee benefit plan governed by ERISA. 29 U.S.C. § 1144(a). The United States Supreme Court has characterized this preemption clause as "deliberately expansive," noting that in enacting ERISA, Congress "intended to ensure that plans … would be subject to a uniform body of benefit law; the goal was to minimize the administrative and financial burden of complying with conflicting directives among states …" *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138, 142 (1990). Thus, a state law need not purport to regulate the terms and conditions of an ERISA plan in order to be preempted. Rather "a state law may 'relate to' a benefit plan, and be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Id*, at 139.

The Supreme Court has consistently given ERISA preemption wide breadth, liberally construing the term "relates to" (the operative phrase in Section 1144(a)) and instructing that the term is to be given "its broad common sense meaning." *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985). See also *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44-47 (1987) ("the express preemption provisions of ERISA are deliberately expansive.") Under the Court's broad interpretation, a state law tort claim 'relates to an employee benefit plan' within the meaning of ERISA 'if it has a connection with or reference to such a plan.' *Guididas v. Cmty. Nat. Bank Corp.*, No. 8:11-CV-2545-T-30TBM, 2012 WL 5974984, at *6 (M.D. Fla. Nov. 5, 2012).

9

Case 8:17-cv-00700-S_B-AEP Document 21 Filed 06/05/17 Page 10 of 12 PageID 181

Case No. 8:17-CV-00700-SCB-AEP

The Complaint in this action purports to set forth state law tort claims in the form of invasion of privacy - public disclosure of private facts - (Counts I and II), negligence per se (Counts III and IV), simple negligence (Counts V and VI), intentional infliction of emotional distress (Counts VII and VIII), and negligent infliction of emotional distress (Counts IX and X). Plaintiff acknowledges, as he must, that at all times the alleged wrongful communications between Defendants and the third parties were made were "in connection with" and "in furtherance of" Cigna Corporation's alleged review of Plaintiff's ongoing eligibility for benefits, and that Jasper did so in the course of her employment as a Disability Claims Manager. Although Plaintiff attempts, in conclusory manner, to cast those alleged actions as having been "committed outside the administration of claims to certain health benefits procured for Plaintiff by Pricewaterhouse Coopers, LLC", the specific factual allegations of each claim make it plain that each alleged wrongful action took place within the benefit administration process. See, e.g., Doc. 2, p. 5, ¶ 21 ("Nevertheless, on or about October 1, 2001, in connection with its review of Plaintiff's eligibility for ongoing disability payments, Defendant Cigna [Corporation] retained the services of private investigation firm PhotoFax, Inc[.]"); *Id*, ¶ 23 ("Subsequently, on or about March 1, 2013, in connection with its review of Plaintiff's eligibility for ongoing disability payments, Defendant Cigna [Corporation] once again retained PhotoFax, Inc.[.]"); *Id*, ¶ 25 ("On or about August 1, 2013, in connection with its review of Plaintiff's eligibility for ongoing disability payments, Defendant Cigna [Corporation] engaged the services of Dr. Bhupendra K. Gupta, M.D. as an independent medical examiner[.]"); *Id*, p. 10, ¶¶ 48-50 and 52, and p. 34. ¶¶ 157-159 (alleging that Ms. Jasper made the improper disclosures in the course of her employment with Defendant Cigna Corporation); *Id*, p. 13 ¶ 67, p. 16, ¶ 81, p. 20, ¶ 96, p. 20, ¶ 111, p. 32, ¶ 148, and p. 35, ¶ 160 ("Although Defendant Jasper was in contact with the third

22070376v1 0992238

parties in furtherance of her duties to ensure that Defendant Cigna [Corporation] did not pay more under its long term liability plan [sic] with Plaintiff, disclosure of the Plaintiff's protected health information, specifically his HIV test results, was wholly outside the administration of the plan").

These claims, at bottom, attack the handling of Plaintiff's benefit claim. Alleged state law tort claims that allege improper handling of claims for benefits are preempted by ERISA. *Lane v. Health Options, Inc.*, 221 F.Supp.2d 1301 (S.D. Fla. 2002) (claim attacking administrative functions of damages caused by improper processing of benefit claims completely preempted); *Massachusetts Mut. Life. Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985) (Congress did not provide cause of action for extra contractual damages caused by improper processing of benefit claims). Therefore, Plaintiff's claims fall within the broad sweep of section 1144(a) and are preempted. See *Howard v. Parisian, Inc.*, 807 F.2d 1560 (11th Cir. 1987) (claim for intentional infliction of emotional distress preempted by ERISA); *Kritzman v. Unum Life Ins. Co. of Am.*, 928 F.Supp. 1165 (M.D. Fla. 1996) (claims for invasion of privacy and intentional infliction of emotional distress preempted by ERISA).

22070376v1 0992238

Case No. 8:17-CV-00700-SCB-AEP

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Counsel for the Plaintiff: Veronica A. Coulter, Esq., Patrick J. Cremeens, Esq., Jeanne M. Cremeens, Esq., Angelica J. Jones, Esq. The Law Office of Patrick J. Cremeens, P.L., 4707 West Gandy Boulevard, Suite 8, Tampa, Florida 33611; admin@cremeenslaw.com.

HINSHAW & CULBERTSON LLP

s/ Steven D. Lehner
Steven D. Lehner
Florida Bar No. 39373
slehner@hinshawlaw.com
Ruel W. Smith
Florida Bar No. 36548
rsmith@hinshawlaw.com
100 South Ashley Drive
Suite 500
Tampa, FL 33602
Telephone: 813-276-1662
Facsimile: 813-276-1956
Attorneys for Defendant LINA

22070376v1 0992238