UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DOE a/k/a P.A.D.,

    Plaintiff,

v.                                                               Case No.: 8:17-cv-700 T-24 AEP

CIGNA CORP. and PAMELA
JASPER a/k/a PAMELA JACQUES,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendant Cigna Corporation's ("Cigna") and Defendant Pamela Jasper a/k/a Pamela Jacques's ("Jasper") Motion to Dismiss (Doc. 21) and Plaintiff John Doe a/k/a P.A.D.'s response thereto (Doc. 34). For the following reasons, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

The complaint in this action, removed from state court, alleges that Cigna and Jasper, a purported employee of Cigna, unlawfully disclosed protected health information in connection with their review of Plaintiff's eligibility for long-term disability benefits pursuant to a plan underwritten by Cigna and provided by Plaintiff's employer. (*See* Doc. 2). The complaint contains counts against Defendants for invasion of privacy, negligence *per se*, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. (*See* Doc. 2). Defendants now move to dismiss the complaint for lack of personal jurisdiction, lack of subject-matter jurisdiction, and failure to state a claim upon which relief can be granted. (Doc. 21).

1

Courts typically address personal jurisdiction issues before subject-matter jurisdiction, failure to state a claim, and venue because a "court without personal jurisdiction is powerless to take further action." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999); *see also Read v. Ulmer*, 308 F.2d 915, 917 (5th Cir. 1962)[1] ("It would seem elementary that if the court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order entered granting its motion to dismiss."). In order to survive a motion to dismiss, a plaintiff must allege "sufficient facts to support a reasonable inference that the defendant can be subjected to the jurisdiction of the court." *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986) (citation omitted).

The Court applies a two-part test in determining whether the exercise of personal jurisdiction over a non-resident defendant is proper.[2] *Horizon Aggressive Growth, L.P. v. Rothstein–Kass, P.A.*, 421 F. 3d 1162, 1166 (11th Cir. 2005). First, the Court must determine whether the Florida long-arm statute provides a basis for personal jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). If such a basis does exist, the court must then determine whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. *Id.* (citations omitted).

As relevant here, Florida's long-arm statute provides:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

[2] While Plaintiff never alleges the residency of Defendants in his complaint, he does not dispute in his response Defendants' affidavits which state neither Cigna nor Jasper are residents of Florida. (*See* Docs. 22-1 and 22-2).

>> jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
>> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
>> 2. Committing a tortious act within this state.
>
>> . . .
>
>> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>
>>> a. The defendant was engaged in solicitation or service activities within this state . . . .

Fla. Stat. § 48.193.[3] "A plaintiff seeking to obtain jurisdiction over a nonresident defendant initially need only allege sufficient facts to make out a prima facie case of jurisdiction." *Posner*, 178 F.3d at 1214 (citing *Electro Eng'g Prods. Co. v. Lewis*, 352 So. 2d 862, 864 (Fla. 1977)). The plaintiff bears the burden of proving "by affidavit the basis upon which jurisdiction may be obtained" only if the defendant challenging jurisdiction files "affidavits in support of his position." *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989).

In their Motion to Dismiss, Defendants state that Cigna did not underwrite the long-term disability plan at issue. (Doc. 21, p. 2). Instead, Defendants assert, Cigna's subsidiary, the Connecticut General Life Insurance Company ("Connecticut General"), underwrote the plan and was Jasper's employer. (Doc. 21, p. 2). Moreover, Defendants argue that there is a complete lack of any jurisdictional facts concerning Cigna. (Doc. 21, p. 6). Plaintiff apparently agrees, conceding that the Court lacks personal jurisdiction over Cigna and indicating that it will amend

---

[3] In his response, Plaintiff quotes the Georgia long-arm statute. (Doc. 34, p. 3). The Court would remind Plaintiff that this Court is in Florida and, therefore, Florida's long-arm statute applies. *See, e.g.*, *Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

its complaint to drop Cigna and add Connecticut General[4] as a defendant. (Doc. 34, p. 2). Accordingly, the Court finds that dismissal is proper as to Defendant Cigna. The Court would note that even if Plaintiff did not concede to the lack of personal jurisdiction over Cigna, Plaintiff's complaint fails to allege sufficient facts to make out a prima facie case of personal jurisdiction.

As to Defendant Jasper, Defendants assert that the complaint contains no jurisdictional allegations regarding Jasper and no facts to support personal jurisdiction. (Doc. 21, p. 8). Plaintiff argues in his response that Jasper, as the agent of Connecticut General, regularly conducted and solicited business in Florida by way of targeting residents of Florida as a market for Connecticut General's insurance policies. (Doc. 34, p. 5). But Plaintiff's complaint, as pled, does not allege sufficient facts to make out a prima facie case of personal jurisdiction under Florida's long-arm statute. There are no allegations that Jasper resides in Florida, operates a business in Florida, committed a tortious act in Florida, or was engaged in solicitation or service activities within Florida. In fact, it is completely devoid of any allegations from which this Court could conclude that Jasper is subject to personal jurisdiction in this Court. And Plaintiff's conclusory, unsworn statements in its response do not remedy this failure. Defendants have submitted an affidavit in which Jasper testifies that she is in fact a Texas resident and does not do business in Florida. (Doc. 22-2). It is Plaintiff's burden to prove "by affidavit the basis upon which jurisdiction may be obtained" if the defendant challenging jurisdiction files "affidavits in support of his position." *Venetian Salami*, 554 So. 2d at 502. Plaintiff has failed to do so.

Accordingly, the Court concludes that Plaintiff's complaint fails to allege "sufficient facts to support a reasonable inference" that Jasper is subject to personal jurisdiction in this Court, *see*

---

[4] Because Connecticut General is not currently a defendant in this case, the Court takes no position as to whether there is personal jurisdiction over Connecticut General.

*Jackam*, 800 F.2d at 1579, and Plaintiff's complaint is due to be dismissed.[5] To be clear, the Court is not determining that Jasper is not subject to personal jurisdiction; instead, it concludes that the complaint, as pled, fails to make out a prima facie case of personal jurisdiction. Thus, this dismissal is without prejudice. Plaintiff shall file an amended complaint by August 2, 2017.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall file an amended complaint by **August 2, 2017**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of July, 2017.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[5] Because the Court does not have personal jurisdiction over Jasper given the allegations in the complaint as currently pled, it does not reach Defendants' arguments that this case should be dismissed for lack of subject-matter jurisdiction or for failure to state a claim. S*ee Posner*, 178 F.3d at 1214 n.6.