UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DOE a/k/a P.A.D.,

    Plaintiff,

v.                                                                     Case No.: 8:17-cv-700 T-24 AEP

PAMELA JASPER, a/k/a PAMELA
JACQUES, and CONNECTICUT
GENERAL LIFE INSURANCE
COMPANY,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Defendant Connecticut General Life Insurance Company's ("Connecticut General") and Defendant Pamela Jasper a/k/a Pamela Jacques's ("Jasper") Motion to Dismiss Amended Complaint (Doc. 39) and Plaintiff John Doe a/k/a P.A.D.'s response thereto (Doc. 42). For the reasons stated herein, the Court determines that it may not properly exercise personal jurisdiction over Jasper. Further, upon *sua sponte* review, the Court also concludes that it does not have subject matter jurisdiction to adjudicate this case and therefore remands this action to state court.

**I.    Background**

The original complaint in this action[1] was removed from state court on March 24, 2017. (Docs. 1, 2). On July 19, 2017, the Court dismissed the complaint, which alleged ten counts against

---

[1] On October 3, 2016, prior to filing the complaint in this action, Plaintiff filed a similar complaint in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Defendants removed the initial action to the Middle District of Florida on November 14, 2016. (Case No. 8:16-cv-3171-CEH-AAS). After Defendants moved to dismiss the complaint, Plaintiff filed a notice of voluntary dismissal and the Court dismissed the case (Case No. 8:16-cv-3171-CEH-AAS Docs. 11, 12).

1

Jasper and Cigna Corporation ("Cigna"), because Plaintiff conceded that Cigna was not a proper party and because the complaint failed to state a prima facie case of personal jurisdiction over Jasper. (Doc. 35).

On July 28, 2017, Plaintiff timely filed his amended complaint. (Doc. 36). In the amended complaint, Plaintiff alleges that Jasper, a purported employee of Connecticut General, unlawfully disclosed Plaintiff's protected health information in connection with a review of Plaintiff's eligibility for long-term disability benefits pursuant to a benefits plan purchased through Connecticut General and provided to Plaintiff by his employer ("the plan"). (*See* Doc. 36). The complaint contains counts against Defendants for invasion of privacy, negligence *per se*, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. (*Id.*). Defendants now move to dismiss the amended complaint for lack of personal jurisdiction as to Jasper. Defendants also move to dismiss the amended complaint for failure to state a claim due to defensive preemption by the Employee Retirement Income Security Act ("ERISA").

**II. Discussion**

    A.    <u>Personal Jurisdiction</u>

Because a "court without personal jurisdiction is powerless to take further action," the Court will address personal jurisdiction first. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999).

---

Upon the removal of the instant action to this Court, Defendants sought and obtained an award of the costs incurred in defending the previously dismissed action. (Docs. 10, 14).

The Court applies a two-part test in determining whether the exercise of personal jurisdiction over a non-resident defendant is proper.[2] *Horizon Aggressive Growth, L.P. v. Rothstein–Kass, P.A.*, 421 F. 3d 1162, 1166 (11th Cir. 2005). First, the Court determines whether the Florida long-arm statute provides a basis for personal jurisdiction over the non-resident defendant. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). If such a basis does exist, the court then determines whether sufficient minimum contacts exist between the defendant and the forum state so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. *Id.* (citations omitted).

Florida's long-arm statute provides, in pertinent part:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> 2. Committing a tortious act within this state.
>
> . . .
>
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>
>> a. The defendant was engaged in solicitation or service activities within this state . . . .

Fla. Stat. § 48.193(1)(a).

---

[2] As with Plaintiff's original complaint, Plaintiff does not allege in the amended complaint the state residency of either Defendant. (Doc. 36). However, Plaintiff's response to Defendants' motion to dismiss does not dispute Defendants' affidavits, which state that neither Connecticut General nor Jasper are residents of Florida. (*See* Doc. 39 Ex. 1 and Doc. 39 Ex. 2).

The plaintiff bears the initial burden of alleging sufficient facts in the amended complaint to make out a prima facie case of personal jurisdiction. *See Posner*, 178 F.3d at 1214 (citing *Electro Eng'g Prods. Co. v. Lewis*, 352 So. 2d 862, 864 (Fla. 1977)); *see also Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). Then, if the defendant challenging jurisdiction submits affidavit evidence in support of its position, the burden shifts back to the plaintiff to prove "by affidavit the basis upon which jurisdiction may be obtained." *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989); *see also Louis Vuitton*, 736 F.3d at 1350.

Attached to the amended complaint is an unsworn affidavit[3] of Plaintiff stating, among other things, that Plaintiff is a resident of Florida and that "Connecticut General Life Insurance Company offered their product to Florida residents, solicited clients in Florida, and advertised their product in Florida to Florida residents." (Doc. 36 Ex. 6 at 2). Plaintiff also states that "Jasper was the Claim Manager for Connecticut General Life Insurance Company handling [Plaintiff's] long-term disability claims," that Plaintiff "was in constant and continued contact with Pamela Jasper and Connecticut General Life Insurance Company throughout the period of [Plaintiff's] coverage," and that the communications between Plaintiff and Jasper took place while Plaintiff was in Florida. (*Id.* at 3). These allegations, taken as true, are sufficient to provide a basis for personal jurisdiction over Connecticut General pursuant to Florida's long arm statute, Section 48.193(1)(a), Florida Statutes, and satisfy the first step in the jurisdictional analysis as to Connecticut General. Defendants do not challenge the existence of personal jurisdiction over Connecticut General, and

---

[3] After responding to Defendants' motion to dismiss, Plaintiff subsequently filed a sworn affidavit in support of his allegations. (Doc. 44).

the Court concludes that asserting personal jurisdiction over Connecticut General would not betray the traditional notions of fair play and substantial justice required for due process.[4]

However, while Plaintiff has demonstrated that this Court may properly assert personal jurisdiction over Connecticut General, Defendants argue that Plaintiff's allegations regarding personal jurisdiction over Jasper are insufficient to provide a basis for personal jurisdiction over Jasper and do not satisfy the notions of fair play and substantial justice required to hale Jasper into this Court. Particularly, Defendants contend that Plaintiff alleges actions taken by Jasper in the scope of Jasper's employment by Connecticut General, not in Jasper's personal or individual capacity.

In support, Defendants attach Jasper's sworn affidavit in which she states, among other things, that: she is currently—and has been since 1996—a resident of Texas; she intends to remain a Texas resident on a permanent basis; she has never been and does not intend to become a resident of Florida; she has never personally done business, received mail, had a telephone number, or held bank accounts located in Florida; she is not personally a party to a contract in the state of Florida; and she does not and has never consented to the exercise of personal jurisdiction over her by a Florida court. (Doc. 39 Ex. 2 at 1-2).

In Florida, among other jurisdictions, there is a "distinction between a corporate officer acting on one's own and a corporate officer acting on behalf of one's corporation." *Doe v. Thompson*, 620 So. 2d 1004, 1006 (Fla. 1993). Specifically, Florida law provides that the "acts of [a] corporate employee performed in [her] corporate capacity do not form the basis for [personal]

---

[4] Moreover, by failing to challenge personal jurisdiction over Connecticut General in its motion to dismiss, Defendants waived their ability to challenge personal jurisdiction over Connecticut General. *See* Rule 12(b), Fed. R. Civ. P.

jurisdiction over [the] corporate employee in [her] individual capacity." *Id.* (citing *Estabrook v. Wetmore*, 529 A.2d 956 (N.H. 1987)).

The doctrine, called the corporate shield doctrine, *id.*, stems from the language of Section 48.193(1), Florida Statutes, which states that "[a]ny person . . . who *personally* or through an agent does any of the acts enumerated in this subsection thereby submits [her]self . . . to the jurisdiction of the courts of this state." (emphasis added); *see Doe*, 620 So.2d at 1005-06. "The rationale of the doctrine is the notion that it is unfair to force an individual to defend a suit brought against [her] personally in a forum with which [her] only relevant contacts are acts performed not for [her] own benefit but for the benefit of [her] employer." *Id.* at 1006 (citation and internal quotation marks omitted). Thus, a court in Florida does not have personal jurisdiction over a non-resident defendant where the plaintiff alleges that the non-resident defendant's actions were taken only in the scope of her employment.

Upon review of Plaintiff's amended complaint, including Plaintiff's unsworn affidavit attached thereto, the Court determines that Plaintiff has not demonstrated that the Florida long-arm statute provides a basis for personal jurisdiction over Jasper. As Defendants point out, Plaintiff alleges that Jasper acted within the scope of, in the course of, or in furtherance of her employment with Connecticut General. (Doc. 5 at ¶¶ 4, 40, 52, 54, 70, 84, 99, 114, 138, 161, 162). Nothing in Plaintiff's amended complaint, attached unsworn affidavit, or subsequently filed sworn affidavit alleges that Jasper acted outside the scope of her employment. Therefore, Plaintiff has failed to demonstrate that Jasper committed, in her personal capacity, any of the acts set forth in

Section 48.193(1), Florida Statutes, and the Court concludes that it may not properly exercise personal jurisdiction over Jasper.[5]

B.   Subject Matter Jurisdiction

Although Plaintiff has not filed a motion to remand in this case, "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see also Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

Defendants removed this case to this Court on March 24, 2017. (Docs. 1, 2). Pursuant to the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants" to federal court. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331 (known as "federal question" jurisdiction), or where the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties, 28 U.S.C. § 1332(a) (known as "diversity" jurisdiction). Defendants assert federal question jurisdiction as the ground for removal in this case. (Doc. 1).

Under the "well-pleaded complaint" rule, whether a case "arises under" the Constitution, laws, or treaties of the United States "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in

---

[5] Because the Court concludes that it may not properly exercise personal jurisdiction over Jasper, it is unnecessary for the Court to consider Defendants' alternative argument that Jasper is not a proper party to an action arising from ERISA plan administration.

anticipation of avoidance defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). In other words, the plaintiff's complaint itself must demonstrate the existence of federal question jurisdiction. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983).

However, "when a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citation and internal quotation marks removed). "[W]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. ERISA is one of these statutes." *Id.* at 208 (internal citation and quotation marks omitted).

Complete preemption is not to be confused with defensive preemption. *See Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009). Defensive preemption is an affirmative defense that broadly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); ERISA § 514(a); *Anthem*, 591 F.3d at 1344. The affirmative defense provided by Section 514(a) is expansive, preempting not only state laws that "refer to" ERISA plans (meaning laws that "act immediately and exclusively upon ERISA plans . . . or where the existence of ERISA plans is essential to the law's operation,") but also state laws that have a "connection with" ERSA plans (meaning laws that "govern[] . . . a central matter of plan administration or interefere[] with nationally uniform plan administration"). *Gobeille v. Liberty Mut. Ins. Co.*, — U.S. —, 136 S. Ct. 936, 943 (2016) (citations and internal quotation marks omitted).

The purpose of defensive preemption is to ensure that the procedures and oversight systems mandated by ERISA are uniform. *See generally id.*, at 943-45. "Requiring ERISA administrators

to master the relevant laws of 50 States and to contend with litigation would undermine the congressional goal of minimiz[ing] the administrative and financial burden[s] on plan administrators—burdens ultimately borne by the beneficiaries." *Id.* at 944 (citation and internal quotation marks omitted). Thus, "ERISA pre-empts [] state law[s] that regulate[] a key facet[(s)] of plan administration even if the state law exercises a traditional state power." *Id.* at 946.

Complete preemption, on the other hand, is jurisdictional and arises from ERISA's civil enforcement provision, ERISA Section 502(a),[6] 29 U.S.C. § 1132(a). Complete preemption is "narrower than 'defensive' preemption . . . . Therefore, a state-law claim may be defensively preempted under [Section] 514(a) but not completely preempted under [Section] 502(a)." *Anthem*, 591 F.3d at 1344 (alteration in original) (citation and internal quotation marks omitted).

Courts apply a two-part test to determine complete preemption under ERISA Section 502(a). *Davila*, 542 U.S. at 210; *Anthem*, 591 F.3d at 1345. Pursuant to this test, a state law claim is completely preempted by ERISA, and therefore removable to federal court, "[(1)] if an individual, at some point in time, could have brought his claim under ERISA [Section] 502(a)(1)(B), and [(2)] . . . there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210; *Anthem*, 591 F.3d at 1345. Complete preemption requires satisfaction of both steps in the analysis. *See Davila*, 542 U.S. at 210; *Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, 813 F.3d 1333, 1337 (11th Cir. 2015).

---

[6] ERISA Section 502(a) provides:

> A civil action may be brought—(1) by a participant or beneficiary—
> . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

29 U.S.C. § 1132(a)(1)(B).

Plaintiff's amended complaint alleges claims against Defendants for invasion of privacy, negligence *per se*, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. (Doc. 36). These state law claims are based on Defendants' alleged unauthorized disclosure of Plaintiff's positive HIV test results on three occasions in violation of Section 381.004, Florida Statutes. (Doc. 36 at 6-7). Arguing, among other things, that the amended complaint alleges no purpose for the disclosures other than Defendants' review of Plaintiff's eligibility to continue receiving benefits under the plan, Defendants contend that Plaintiff could have brought these claims in a suit for violation of fiduciary duty under ERISA.

However, the Court does not need to decide whether Plaintiff's claims could have been brought under ERISA, because Defendants cannot satisfy the second step of the analysis, which requires there be "no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210; *Anthem*, 591 F.3d at 1345.[7] In this case, while Defendants point to ERISA's fiduciary duty as the source of the duty to protect against unauthorized disclosure of Plaintiff's confidential health information, an independent legal duty exists in the form of Section 381.004(f), Florida Statutes. That statute provides, in relevant part, that "[n]o person to whom the results of a test have been disclosed may disclose the test results to another person except as authorized by this subsection and by ss. 951.27 and 960.003." Fla. Stat. § 381.004(f). Therefore, the complete preemption analysis fails at the second step, and Plaintiff's state law claims are not completely preempted by ERISA.

---

[7] The Court notes that Defendants failed to mention or address the second step of the analysis in their notice of removal.

Because Plaintiff's amended complaint alleges only state law claims that are not completely preempted by ERISA, the Court lacks subject matter jurisdiction over this case. *See* 28 U.S.C. §§ 1331, 1332(a), 1441(a).

C. <u>Failure to State a Claim</u>

Finally, Defendants contend, asserting defensive preemption under ERISA Section 514(a), that Plaintiff's amended complaint fails to state a claim on which relief may be granted. Because Plaintiff's state law claims are not completely preempted by ERISA and were not properly removed to this Court, the Court concludes that it lacks subject matter jurisdiction to decide the issue of defensive preemption.

**III. Conclusion**

As explained herein, the Court lacks personal jurisdiction over Jasper and subject matter jurisdiction over Plaintiff's state law claims.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Dismiss is **GRANTED** to the extent that Plaintiff's amended complaint is **DISMISSED** as to Defendant Jasper; and

(2) the Clerk is directed to **REMAND** this case to state court and then to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of September, 2017.

_____
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record